UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARLES LITANO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: |
| HARBOR FREIGHT TOOLS USA, INC. and CEN-TECH, | ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b), defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") files this Notice of Removal and states as follows:

1. Harbor Freight is a defendant in an action filed against it by the plaintiff Charles Litano pending in the Superior Court of the Commonwealth of Massachusetts for Berkshire County, captioned *Charles Litano v. Harbor Freight Tools USA, Inc.*, *et al.*, Civil Action No.: 2176-CV-190 (the "State Court Action"). True copies of all process, pleadings and orders served by the Plaintiff in the State Court Action are attached hereto as Exhibit A and are specifically incorporated herein.

2. In his Complaint, Plaintiff alleges that he is an individual, who resides in Pittsfield, Massachusetts. (Complaint ¶ 1.)

3. Harbor Freight is incorporated under the laws of the State of Delaware and has a principal place of business in California. (*Id.* at ¶ 2.)

4. Cen-Tech, named by Plaintiff as a defendant, is alleged to be a manufacturer for Harbor Freight with a principal place of business in California. (*Id.* at ¶ 3.)[1]

5. There is, therefore, complete diversity of citizenship among the parties.

6. Plaintiff alleges that on or about October 20, 2019, he purchased four (4) Cen-Tech Float Chargers Item # 42292 from Harbor Freight at its Pittsfield, Massachusetts store location. Plaintiff further alleges that on or about December 20, 2019, one of the chargers started a fire while hooked up to a Lincoln Town car in the garage at his residence, which caused significant injury to Mr. Litano, and that he is entitled to damages in excess of $250,000. (*Id.* at ¶¶ 6-25, 30, 35 & 40.)

7. The amount in controversy thus exceeds $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332.

8. On December 10, 2021, Harbor Freight was served with the summons and a copy of the Complaint, and this notice is timely under 28 U.S.C. § 1446(b).

9. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

---

[1] Cen-Tech is a brand and is not an entity.

<table>
<tr><td>Dated: December 30, 2021</td><td>Respectfully submitted,<br>HARBOR FREIGHT TOOLS USA, INC.<br><br>By its attorneys,<br><br> /s/ Carolyn M. Crowley<br>Carolyn M. Crowley (BBO# 663616)<br>Barclay Damon LLP<br>160 Federal Street, Suite 1001<br>Boston, MA 02110<br>(617) 274-2900<br>ccrowley@barclaydamon.com</td></tr>
</table>

## CERTIFICATE OF SERVICE

 I hereby certify that the foregoing Notice of Removal filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 30, 2021.

                 /s/ Carolyn M. Crowley
                 Carolyn M. Crowley

# Exhibit A

| Summons | CIVIL DOCKET NO.<br>2176CV190 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br><br>CHARLES LITANO       Plaintiff(s)<br>vs.<br>HARBOR FREIGHT TOOLS and CEN-TECH<br><br>Defendant(s) | | Deborah S. Capeless      Clerk of Courts<br>Berkshire                County<br>COURT NAME & ADDRESS:<br>Berkshire Superior Court<br>76 East Street<br>Pittsfield, MA 01201 |

THIS SUMMONS IS DIRECTED TO   HARBOR FREIGHT TOOLS   (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the          Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**
To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, SUPERIOR Court 76 East Street Pittsfield MA 01201 (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
27 Henry Ave Pittsfield MA 01201

**3. What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Heidi E. Brieger Esq._, Chief Justice on _December 9_, 20_21_. (Seal)

Clerk-Magistrate _Deborah Stapelsen_

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this summons, together with a copy of the complaint, in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

Dated: _____        Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                      SUPERIOR COURT DEPARTMENT
                                                    CIVIL DOCKET NO.

CHARLES LITANO                    )
                                  )
    Plaintiff                     )
                                  )
    v.                            )         COMPLAINT and DEMAND
                                  )         FOR JURY TRIAL
HARBOR FREIGHT TOOLS USA, INC.,   )
and CEN-TECH                      )
                                  )
                                  )
    Defendants                    )

## PARTIES

1. The Plaintiff, Charles Litano (hereinafter "Litano"), is an individual with an address of 47 Norman Avenue, Pittsfield, Massachusetts 01201.

2. The Defendant, Harbor Freight Tools USA, Inc., (hereinafter "Defendant") is an corporation with a principal place of business located at 26541 Agoura Rd. Calabasas, CA 91302.

3. The Defendant, Cen-Tech is an manufacturer for Harbor Freight USA Inc., with a principal place of business located at 3491 Mission Oaks Blvd, Carmarillo, CA 93011.

4. The Defendant, Harbor Freight Tools USA, Inc., has a Massachusetts office at 84 State Street, Boston, MA 02109.

5. The Defendant, Harbor Freight Tools USA, Inc., registered agent in Massachusetts is Corporate Creations Network, Inc., with a principal office at 225 Cedar Hill Street #200, Marlborough, MA 01752.

## STATEMENT OF FACTS

6. On or about October 20, 2019, Plaintiff purchased four (4) Cen-Tech Float Chargers Item # 42292 from Harbor Freight at its Pittsfield, Massachusetts store location.

7. Plaintiff intended to use the chargers to keep his Harley Davidson motorcycle, Lincoln Town Car and snow blower batteries fresh over the fall-winter season.

8. In October of 2019, three trickle chargers were plugged into GFI outlets in Plaintiff's

garage and properly attached to each battery of the vehicle not in use. The fourth charger was not needed at the time and remained in its packaging.

9. On or about December 20, 2019, Plaintiff was sitting on his front porch reading the paper around 7:30 am when he noticed a white puff of smoke come out of the left open bay door of his garage.

10. Plaintiff had just recently returned from driving his wife to work and parked his 2005 Nissan SUV in front of the right garage bay door which remained closed.

11. Plaintiff went to investigate the source of the white smoke and when he peered into the open left bay garage door he saw flames three feet high coming from underneath the left side of the hood of the Lincoln Town Car where he had recently hooked up the trickle charger.

12. Plaintiff first attempted to extinguish the flames with a 10lb fire extinguisher to no avail.

13. Next, Plaintiff exited the garage and attempted to move the Nissan away from the heat, but could not get into the vehicle due to the heat.

14. In Plaintiff's attempt to move the Nissan he sustained third degree burns to his lower right leg that permanently damaged the ligaments resulting in drop foot.

15. Plaintiff then quickly dialed 911 to report the fire and firefighters were shortly on scene to extinguish the blaze within an hour.

16. On or about December 20, 2019, the fire inspector prepared a report of the incident.

17. The fire inspector determined the fire started on the left side of the Lincoln Town Car near the battery compartment and was most likely caused by a defective trickle charger. The City of Pittsfield's building inspector was also on hand during the investigation.

18. The fire melted the front of the Nissan and a large portion of the residence's vinyl siding on the abutting wall. The contents of the garage were a complete loss which included the Lincoln Town Car, Harley Davidson motorcycle ($10,000.00 trike conversion parts), Sears snow blower and various tools totaling $4,100.00.

19. The structural damage to the building was approximately $30,000.00 which did not include damage to the attached deck in the amount of $9,000, replace melted siding in the amount of $2,500.00, demolition work of $3,000.00 of the structure and two (2) dumpsters in the amount of $2,130.00 to remove debris.

20. Plaintiff's insurance companies opened two claims: (1) Mass Property Insurance for the damaged structure and (2) Commerce Insurance for the lost vehicles.

21. Plaintiff suffered severe burns to his right leg requiring three trips to the burn center and treatments at the VA Hospital in Northampton, MA. Plaintiff's leg is permanently damaged from the fire and required months to heal.

22. Plaintiff can no longer take long walks or enjoy his treadmill and the stress of the fire resulted in him having to receiving a pacemaker.

23. Plaintiff has to wear a permanent brace on his right leg to walk which prevents the drop foot condition caused by the injuries from the fire.

24. The injury further limits the Plaintiffs mobility and resulted in added stress effecting the Plaintiff's health.

25. Plaintiff has incurred significant medical expenses, a permanent disability and economic loss.

## COUNT I
## IMPLIED WARRANTY OF MERCHENTABILITY
## VIOLATION OF G.L. c. 106, § 2-314

26. Plaintiff repeats and realleges each and every previous paragraph of the Complaint as if fully set forth herein.

27. Defendant sold a product that was not of average quality

28. Defendant did not adequately package and label the potential product hazards

29. Defendant product did not conform to the promises made on the label.

30. Plaintiff was damaged in an amount of $250,000.00 as compensatory damages.

## COUNT II
## DESIGN DEFECT

31. Plaintiff repeats and realleges each and every previous paragraph of the Complaint as if fully set forth herein.

32. Defendant owed Plaintiff a duty to design a safe product

33. Defendant failed to produce a safe product

34. The defective product resulted in a fire and had no safety shut offs that resulted in severe bodily injury.

35. Plaintiff was damaged in an amount of $250,000.00 as compensatory damages.

## COUNT III
## FAILURE TO WARN

36. Plaintiff repeats and realleges each and every previous paragraph of the Complaint as if fully set forth herein.

37. Defendant had a duty to warn Plaintiff of the dangers of the product.

38. Defendant failed to warn Plaintiff of the dangers of the product.

39. Defendant's failure to warn Plaintiff resulted in personal injury and damages.

40. Plaintiff was damaged in an amount of $250,000.00 as compensatory damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a) Enter judgment in favor of the Plaintiff;

    b) Award Plaintiff damages, reasonable attorney fees and costs; and

    c) Award such other relief the Court deems necessary and proper.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

Dated: November 15, 2021

Respectfully submitted,

Charles Litano
Plaintiff
By his Attorney:

_____
Elizabeth J. Quigley, Esq.
Law Office of Elizabeth J. Quigley
27 Henry Avenue
Pittsfield, MA 01201
413-499-5476
BBO# 408910
kel.quigley@verizon.net

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2176CV00190 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Litano, Charles vs. Harbor Freight Tools USA, Inc et al | | Deborah S. Capeless, Clerk of Courts |
| TO: Elizabeth Quigley, Esq. Law Office Of Elizabeth J. Quigley 27 Henry Ave Pittsfield, MA 01201 | | COURT NAME & ADDRESS Berkshire County Superior Court 76 East Street Pittsfield, MA 01201 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/17/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 03/21/2022 | |
| All motions under MRCP 12, 19, and 20 | 03/19/2022 | 04/19/2022 | 05/18/2022 |
| All motions under MRCP 15 | 01/13/2023 | 02/13/2023 | 02/13/2023 |
| All discovery requests and depositions served and non-expert depositions completed | 11/09/2023 | | |
| All motions under MRCP 56 | 12/11/2023 | 01/08/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/07/2024 |
| Case shall be resolved and judgment shall issue by | | | 11/18/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 11/22/2021 | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

Date/Time Printed: 11-22-2021 09:23:00                                                                                                SCV026\ 08/2018