UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LITANO, | Case No. 3:21-cv-12145 |
| Plaintiff, | |
| v. | FIRST AMENDED COMPLAINT |
| HARBOR FREIGHT TOOLS USA, INC. | |
| Defendant. | |

## PARTIES

1. The Plaintiff, Charles Litano (hereinafter "Litano"), is an individual with an address of 47 Norman Avenue, Pittsfield, Massachusetts 01201.

2. The Defendant, Harbor Freight Tools USA, Inc., (hereinafter "Defendant") is an corporation with a principal place of business located at 26541 Agoura Rd. Calabasas, CA 91302.

3. The Defendant, Harbor Freight Tools USA, Inc., has a Massachusetts office at 84 State Street, Boston, MA 02109.

4. The Defendant, Harbor Freight Tools USA, Inc., registered agent in Massachusetts is Corporate Creations Network, Inc., with a principal office at 225 Cedar Hill Street #200, Marlborough, MA 01752.

## JURISDICTION

5. Plaintiff asserts federal jurisdiction under 28 U.S.C. § 1332 because of diversity of citizenship of the Parties and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars.

## STATEMENT OF FACTS

6. On or about October 20, 2019, Plaintiff purchased four (4) Cen-Tech Float Chargers Item # 42292 from Harbor Freight at its Pittsfield, Massachusetts store location.

7. Plaintiff intended to use the chargers to keep his Harley Davidson motorcycle, Lincoln Town Car and snow blower batteries fresh over the fall-winter season.

8. In October of 2019, three trickle chargers were plugged into GFI outlets in Plaintiff's garage and properly attached to each battery of the vehicle not in use. The fourth

charger was not needed at the time and remained in its packaging.

9. On or about December 20, 2019, Plaintiff was sitting on his front porch reading the paper around 7:30 am when he noticed a white puff of smoke come out of the left open bay door of his garage.

10. Plaintiff had just recently returned from driving his wife to work and parked his 2005 Nissan SUV in front of the right garage bay door which remained closed.

11. Plaintiff went to investigate the source of the white smoke and when he peered into the open left bay garage door he saw flames three feet high coming from underneath the left side of the hood of the Lincoln Town Car where he had recently hooked up the trickle charger.

12. Plaintiff first attempted to extinguish the flames with a 10lb fire extinguisher to no avail.

13. Next, Plaintiff exited the garage and attempted to move the Nissan away from the heat, but could not get into the vehicle due to the heat.

14. In Plaintiff's attempt to move the Nissan he sustained third degree burns to his lower right leg that permanently damaged the ligaments resulting in drop foot.

15. Plaintiff then quickly dialed 911 to report the fire and firefighters were shortly on scene to extinguish the blaze within an hour.

16. On or about December 20, 2019, the fire inspector prepared a report of the incident.

17. The fire inspector determined the fire started on the left side of the Lincoln Town Car near the battery compartment and was most likely caused by a defective trickle charger. The City of Pittsfield's building inspector was also on hand during the investigation.

18. The fire melted the front of the Nissan and a large portion of the residence's vinyl siding on the abutting wall. The contents of the garage were a complete loss which included the Lincoln Town Car, Harley Davidson motorcycle ($10,000.00 trike conversion parts), Sears snow blower and various tools totaling $4,100.00.

19. The structural damage to the building was approximately $30,000.00 which did not include damage to the attached deck in the amount of $9,000, replace melted siding in the amount of $2,500.00, demolition work of $3,000.00 of the structure and two (2) dumpsters in the amount of $2,130.00 to remove debris.

20. Plaintiff's insurance companies opened two claims: (1) Mass Property Insurance for the damaged structure and (2) Commerce Insurance for the lost vehicles.

21. Plaintiff suffered severe burns to his right leg requiring three trips to the burn center and treatments at the VA Hospital in Northampton, MA. Plaintiff's leg is permanently damaged from the fire and required months to heal.

22. Plaintiff can no longer take long walks or enjoy his treadmill and the stress of the fire resulted in him having to receiving a pacemaker.

23. Plaintiff has to wear a permanent brace on his right leg to walk which prevents the drop foot condition caused by the injuries from the fire.

24. The injury further limits the Plaintiffs mobility and resulted in added stress effecting the Plaintiff's health.

25. Plaintiff has incurred significant medical expenses, a permanent disability and economic loss.

COUNT I
IMPLIED WARRANTY OF MERCHENTABILITY
VIOLATION OF G.L. c. 106, § 2-314

26. Plaintiff repeats and realleges each and every previous paragraph of the Complaint as if fully set forth herein.

27. Defendant sold a product that was not of average quality

28. Defendant did not adequately package and label the potential product hazards

29. Defendant product did not conform to the promises made on the label.

30. Plaintiff was damaged in an amount of $250,000.00 as compensatory damages.

COUNT II
DESIGN DEFECT

31. Plaintiff repeats and realleges each and every previous paragraph of the Complaint as if fully set forth herein.

32. Defendant owed Plaintiff a duty to design a safe product

33. Defendant failed to produce a safe product

34. The defective product resulted in a fire and had no safety shut offs that resulted in severe bodily injury.

35. Plaintiff was damaged in an amount of $250,000.00 as compensatory damages.

## COUNT III
## FAILURE TO WARN

36. Plaintiff repeats and realleges each and every previous paragraph of the Complaint as if fully set forth herein.

37. Defendant had a duty to warn Plaintiff of the dangers of the product.

38. Defendant failed to warn Plaintiff of the dangers of the product.

39. Defendant's failure to warn Plaintiff resulted in personal injury and damages.

40. Plaintiff was damaged in an amount of $250,000.00 as compensatory damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a) Enter judgment in favor of the Plaintiff;

    b) Award Plaintiff damages, reasonable attorney fees and costs; and

    c) Award such other relief the Court deems necessary and proper.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

Dated: April 22, 2022

Respectfully submitted,

Charles Litano
Plaintiff
By his Attorney:

/s/ Elizabeth J. Quigley, Esq.,

Elizabeth J. Quigley
27 Henry Avenue
Pittsfield, MA 01201
413-499-5476
BBO# 408910
kel.quigley@verizon.net